**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI**

| | |
|---|---|
| **LONDON COMPUTER SYSTEMS, INC.,** an Ohio Corporation 9140 Waterstone Blvd. Cincinnati, OH 45249<br><br>    Plaintiff,<br><br>  vs.<br><br>**ZILLOW, INC.,** a Washington State Corporation 1301 Second Avenue, Floor 31 Seattle, WA 98101<br><br>*Also serve registered agents for Zillow, Inc.:*<br>  CT Corporation System<br>  4400 Easton Commons Way, Suite 125<br>  Columbus OH 43219<br><br>  CT Corporation System<br>  711 Capitol Way S. STE 204<br>  Olympia, WA 98501<br><br>    Defendant. | **Case No.**<br><br>**Judge**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff London Computer Systems, Inc. (hereafter, "LCS" or "Plaintiff"), by and through its attorneys, Taft Stettinius & Hollister LLP, and states as follows:

## NATURE OF THE ACTOIN

1. This is a civil action brought by Plaintiff against Defendant for its ongoing and continued acts of trademark infringement, unfair competition, violations of the Deceptive Trade Practices Act, unjust enrichment, accounting, injunctive relief, and constructive trust.

1

## JURISDICTION

2. This claim arises under the provisions of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.,* including 15 U.S.C. § 1114 *et. seq.* and is for the infringement of a trademark registered in the United States Patent and Trademark Office. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1338(a) and (b) because it arises, in part, pursuant to 15 U.S.C. §§ 1114, 1116-1118. The Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3. This action includes state and common law claims for which this Court has jurisdiction under 28 U.S.C. 1338(b), in that said claims are joined with substantial and related claims.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391, because the infringement and other wrongful acts giving rise to these claims occurred in this judicial district and because the Defendant is registered as a Foreign Corporation in the State of Ohio.

## THE PARTIES

5. Plaintiff London Computer Systems, Inc., at all times pertinent to this Complaint, has been a corporation duly organized and existing under the laws of the State of Ohio, having an office and place of business at 9140 Waterstone Blvd. Cincinnati, OH 45249. Plaintiff owns and licenses software using the registered trademark "Rent Manager" (USPTO Reg. No. 3497560, Ex. A) (hereafter "LCS's Trademark" or "the LCS Trademark").

6. Defendant Zillow, Inc. (hereafter "Zillow" or "Defendant") is a corporation organized and existing under the laws of the State of Washington, having an office and place of business 1301 Second Avenue, Floor 31, Seattle, WA 98101, with its registered agent being C T Corporation System, 711 Capitol Way S STE 204, Olympia, WA 98501 (Ex. B). Defendant is transacting and doing business in Ohio as a registered foreign corporation and has appointed as its statutory agent in Ohio to be CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus OH, 43219 (Ex. C). Therefore, Defendant is doing business within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of Ohio and Rule 4 of the Federal Rules of Civil Procedure, *inter alia.*

7. Defendant conducts business throughout the United States and in Ohio, including within the Southern District, under the trade names "Zillow", "Zillow.com", and "Rental Manager". Defendant also owns and uses the following trade names, or is otherwise affiliated with businesses using the names, "Zillow Group", "Trulia", "StreetEasy", "HotPads", "Naked Apartments", "RealEstate.com", "Mortech", "dotloop", and "Out East".

8. Defendant has continuously engaged in business in, and has customers throughout the United States and within Ohio, including within the Southern District, that use Defendant's Rental Manager software and services, among other services provided by Defendant. Defendant actively markets and promotes its Rental Manager services to customers and residents within this District. Defendant's acts of trademark infringement and other acts constituting claims hereunder occurred within this district, causing harm to Plaintiff within this district.

**GENERAL ALLEGATIONS**

9. Plaintiff London Computer Systems, Inc. owns all right, title, and interest in, to, and in connection with LCS's Trademark, United States Patent and Trademark Office trademark registration number 3497560, for "Rent Manager", which was registered on September 9, 2008. A true and correct copy of proof of registration and renewal is attached hereto as Exhibit A.

10. At least as early as January 31, 1988, and continuing to date, LCS has used in commerce the Rent Manager® mark in connection with computer software that assists landlords with the management and renting of rental real estate properties (Ex A).

11. Part and parcel of long and continued use, LCS has invested substantial amounts of time and millions of dollars in adopting, promoting, marketing, and using the LCS Trademark in commerce to identify its products and services. As a result, LCS has developed significant goodwill and strong trademark rights within and outside of the United States regarding the LCS Trademark, and the public has come to recognize and associate the Rent Manager® mark with LCS's products and services.

12. As early as January 22, 2016, long after LCS's adoption and use of the RENT MANAGER® mark, Zillow was, and has continuously been, using the nearly identical mark "Rental Manager" for identical or nearly identical goods and services (Exs D-I). That the Defendant's use of the mark occurred in commerce in connection with the sale, offering for sale, distribution, or advertising of goods or services that are identical to Plaintiff's and in a manner likely to confuse consumers.

13. On or about August 8th, 2018, LCS became informed and believes that Defendant had published promotional literature and/or an advertisement on the internet via Zillow's website, including via the domain https://www.zillow.com/rental-manager/ (Ex. E), improperly using the infringing mark LCS Trademark in commerce to publicly promote products and services in the nature of a software based rental property system that, among other things, assist the landlord customers in creating and managing rental property listings. Zillow's advertisement boasts that it would list the rental properties "in one place, and we'll post it on Zillow, Trulia, and HotPads." The Zillow software allows its users to Manage applications and screen tenants, accept rental payments, and list properties, among other things.

14. On or about August 15, 2018, LCS contacted Zillow by letter (Ex J), regarding its infringement of LCS's Trademark. The letter was sent by certified mail and was successfully delivered on August 20, 2018 (Ex. K). Among other things, Plaintiff requested that Defendant discontinue using the RENT MANAGER® mark and any other confusingly similar marks, including "Rental Manager", in connection with rental property software and related goods and services.

15. Despite its requests, Zillow continues to use the Rental Manager mark in violation of Plaintiff's rights herein, continuing to cause damages to Plaintiff.

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement**

16. LCS realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

17. Plaintiff's federally-registered Rent Manager mark is strong and distinctive. The federal registration owned by Plaintiff has achieved incontestable status under 15 U.S.C. § 1065

and presently remains in full force and effect. Defendant's aforesaid use of Rental Manager, which uses "Rent Manager" as the dominant part of its name, service mark and trademark, infringes upon the exclusive rights owned by Plaintiff in its federally-registered Rent Manager mark and constitutes a violation sections § 1114 and 1125(a) of the Lanham Act.

18. The use by Defendant of the "Rental Manager" mark, for trademark likelihood of confusion purposes and analysis, is identical to Plaintiff's "Rent Manager®" trademark.

19. Zillow's use of the infringing mark has been without the consent of LCS, is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that goods and services provided by Defendant, including the Rental Manager software, apps, and services, are authorized, sponsored, or approved by LCS when, in fact, they are not.

20. Because Zillow has been provided unequivocal notice of Plaintiff's rights in the identical registered trademark, yet continued to use the mark in an infringing manner, the activities of Defendant complained of herein constitutes willful and intentional infringement of LCS's right, title, and interest in connection with U.S. Trademark Registration No. 3497560, featuring the word mark RENT MANAGER®. Zillow's actions are and have been in total disregard of LCS's rights, and were commenced and have continued in spite of Defendant's knowledge that use of the LCS's registered trademark or a copy or a colorable imitation thereof, was and is in direct contravention to LCS's rights.

21. As a proximate result of Defendant's above-described conduct, LCS has been damaged in an unascertained amount.

22. At all material times, Defendant acted in bad faith, oppressively and maliciously

6

toward LCS, with intent to injure LCS, thereby entitling LCS to punitive damages against Defendant in an unascertained amount.

23. The above-described acts of Defendant has caused and are continuing to cause irreparable injury to LCS, its reputation, and goodwill. LCS has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

24. LCS has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant alleged herein. LCS seeks the recovery of attorneys' fees and costs as the prevailing party in this action, in addition to other damages and remedies available at law and equity to it. Plaintiff is entitled to remedies that include injunctive relief and monetary damages, including but not limited to all of Defendant's profits, all of Plaintiff's losses, a license fee, treble damages, and attorney's fees.

## SECOND CLAIM FOR RELIEF
### For Unfair Competition- Federal

25. LCS realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

26. The acts of Defendant, as alleged herein, constitute unfair competition, false designation of origin, and fraudulent business practices that are damaging to the public in violation of Section 1125(a) of the Lanham Act.

27. As a proximate result of Defendant's above-described conduct, LCS has been damaged in an unascertained amount.

28. At all material times, Defendant acted in bad faith, oppressively and maliciously

toward LCS, with intent to injure LCS, thereby entitling LCS to punitive damages against Defendant in an unascertained amount.

29. The above-described acts of Defendant have caused and are continuing to cause irreparable injury to LCS, its reputation, and goodwill. LCS has no adequate remedy at law and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an amount thus far not determined.

30. LCS has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant alleged herein. LCS seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

### THIRD CLAIM FOR RELIEF
### For Unfair Competition- Common Law

31. LCS realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

32. The acts of Defendant, as alleged herein, constitute unfair competition, actionable under the common law of unfair competition. Plaintiff has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the LCS Trademark.

33. As a proximate result of Defendant's above-described conduct, LCS has been damaged in an unascertained amount.

34. Defendant's conduct is deliberate, malicious, intentional, willful and committed with the intent to cause confusion and mistake, to deceive the public, and/or misrepresent the affiliation, connection, or sponsorship of the Defendant's commercial activities.

35. At all material times, Defendant acted in bad faith, oppressively and maliciously

toward LCS, with intent to injure LCS, thereby entitling LCS to punitive damages against Defendant in an unascertained amount.

36. The above-described acts of Defendant have caused and are continuing to cause irreparable injury to LCS, its reputation, and goodwill. LCS has no adequate remedy at law and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an amount thus far not determined.

37. LCS has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant alleged herein. LCS seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

## **FOURTH CLAIM FOR RELIEF**
### **For Unfair or Deceptive Business Practices**

38. LCS realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

39. The acts of Defendant, as alleged herein, constitute unfair or deceptive business practices, actionable under the Deceptive and Unfair Trade Practices Under Ohio Rev. Code § 4165.02.

40. Specifically, Defendant's conduct includes, without limitation, violations of the following:

   a. O.R.C. 4165.02(A)(1) by passing off goods or services as goods of another;

   b. O.R.C. 4165.02(A)(2) by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   c. O.R.C. 4165.02(A)(3) by Causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

   d. O.R.C. 4165.02(A)(4) by using deceptive representations in connection with goods or services;

   e. O.R.C. 4165.02(A)(7) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

41. As a proximate result of Defendant's above-described conduct, LCS has been damaged in an unascertained amount.

42. At all material times, Defendant acted in bad faith, deliberately, willfully, oppressively, and maliciously toward LCS, with intent to injure LCS, thereby entitling LCS to punitive damages against Defendant in an unascertained amount.

43. The above-described acts of Defendant have caused and are continuing to cause irreparable injury to LCS, its reputation, and goodwill. LCS has no adequate remedy at law and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an

amount thus far not determined.

44. LCS has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendant alleged herein. LCS seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

## FIFTH CLAIM FOR RELIEF
### For Accounting

45. LCS realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

46. Based on the allegations above, that Defendant has engaged in commerce using the infringing trademark. The infringement by Defendant has deprived LCS of sales and/or royalties, which it otherwise would have made and resulted in the unjust enrichment of Defendant at the expense and to the detriment of LCS, among other damage. Defendant's actions have resulted in improper profits, revenues, and other financial gains to Defendant for which LCS, in equity and good conscience, is rightfully entitled to reimbursement.

47. LCS does not know the amount of revenue and profits realized by Defendant, which information is uniquely within the knowledge of Defendant. LCS, is therefore, entitled to an accounting, at Defendant's expense, to determine the amount of profits Defendant has unjustly obtained by their acts of infringement.

## SIXTH CLAIM FOR RELIEF
### For Injunctive Relief

48. LCS realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

49. By reason of the wrongful acts and unlawful conduct as hereinabove alleged, Defendant has infringed and continues to infringe upon the RENT MANAGER® mark by using the confusingly similar "Rental Manger," mark in connection with the promotion, advertising, and offering for sale Defendant's identical products and services as an indicator of origin, sponsorship, and/or approval.

50. Unless and until so enjoined or restrained by order of this Court, Defendant will continue to cause great and irreparable damage to LCS, its reputation, and goodwill. LCS has no adequate remedy at law for the damages it has and will continue to suffer should Defendant be permitted to continue the wrongful conduct alleged herein.

### SEVENTH CLAIM FOR RELIEF

#### Constructive Trust

51. LCS realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

52. All revenue and profits that Defendant has wrongfully and unjustly obtained and continues to obtain because of its wrongful acts are subject to an equitable lien and constructive trust for the benefit of LCS. LCS, therefore, requests that this Court impose a constructive trust on the proceeds of the wrongful acts, wrongfully in the hands of Defendant, and the portion of which are in the hands of others, to preserve said proceeds for LCS.

### EIGHT CLAIM FOR RELIEF

#### Unjust Enrichment

53. LCS realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

54. By engaging in the conduct described above, Defendant has directly benefitted,

including without limitation unjust benefits from their unlawful use, misappropriation and infringement of Plaintiff's trademark, or other obligations at law and equity.

55. As a result, Defendant has been unjustly enriched by taking advantage of LCS's reputation, trade, slogans, brand, trademarks and trade dress, all which LCS invested significant economic value and time into developing.

## PRAYER FOR RELIEF

WHEREFORE, LCS requests that judgment be entered in their favor and against Defendant as follows:

A. That this Court issue a temporary, preliminary, and permanent injunction, enjoining and restraining Defendant and any other person or entity acting in aid or concert with or in participation with them, including any agent, servant, or employee, from directly or indirectly:

  i. Using LCS's RENT MANAGER® mark or any mark similar thereto including but not limited to "Rental Manager," in connection with the rendering of any unauthorized services or the sale of any unauthorized goods, including without limitation goods, services or software for use in connection with real estate rental or management;

  ii. Using any trade name, trademark, or service mark which may be calculated to falsely represent, or which has the effect of falsely representing that the services or products of Defendant or of third parties are sponsored by, approved by, authorized by, or in any way associated with LCS;

      iii. Falsely representing themselves as being connected with LCS or sponsored or associated with LCS or engaging in any act which is likely to falsely cause the members of the real estate industry or general public to believe that Defendant is associated with LCS;

      iv. From otherwise unfairly competing with LCS;

B.    That Defendant immediately cancels and abandons any wrongful trademark, service mark, trade name, fictitious name, or related or similar applications or registrations with any state federal or applicable government agency, and cease any ongoing and future efforts to apply for or register the same;

C.    That Defendant deliver up for destruction all labels, signs, prints, advertising, websites, promotional material or the like in possession, custody or under the control of Defendant and any other person or entity acting in aid or concert with or in participation with it, including any agent, servant, or employee, bearing a trademark found to infringe on LCS's RENT MANAGER® mark;

D.    That LCS be awarded compensatory damages in a yet unascertained amount;

E.    That LCS be awarded punitive and/or trebled damages due to Defendant's willful and malicious acts;

F.    That LCS be awarded reasonable attorneys' fees and costs;

G.    That Defendant provide LCS with an accounting, at Defendant's expense, to determine the amount of profits Defendant has unjustly obtained by its acts of infringement;

H. That LCS be awarded an equitable lien and constructive trust on all revenue and profits of Defendant's wrongful acts, wrongfully in the hands of Defendant, and any portion of which is in the hands of others, in order to preserve said proceeds for LCS;

I. For interest at the maximum legal rate on all damages from the first date incurred until paid, if applicable;

J. An award of costs and expenses herein; and

K. For such and other relief as may be just and required under the circumstances of this case.

Respectfully submitted,

/s/ Russell S. Sayre
Russell S. Sayre (0047125), Trial Attorney
Beth A. Bryan (0082076)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 357-9304
Fax: (513) 381-0205
sayre@taftlaw.com
bryan@taftlaw.com

Leon D. Bass (0069901)
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Phone: (614) 431-2277
lbass@taftlaw.com

*Attorneys for Plaintiff London Computer Systems, Inc.*

## **JURY DEMAND**

LCS demands trial by jury on all issues so triable.

/s/ Russell S. Sayre