## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **LONDON COMPUTER SYSTEMS, INC.,** | : | **Case No. 1:18-cv-00696** |
| | : | |
| Plaintiff, | : | |
| | : | **Judge Timothy S. Black** |
| vs. | : | |
| | : | |
| **ZILLOW, INC.** | : | **JURY DEMANDED** |
| | : | |
| Defendant. | : | |

**DEFENDANT ZILLOW, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Zillow, Inc. ("Zillow"), hereby responds to Plaintiff London Computer Systems, Inc.'s ("LCS" or "Plaintiff") Complaint And Demand for Jury Trial.

## <u>NATURE OF THE ACTION</u>

1.      Zillow admits the complaint is purportedly brought by Plaintiff for the reasons alleged in Paragraph 1.  Defendant denies any remaining allegations in Paragraph 1.

2.      Zillow admits this Court has subject matter jurisdiction over this matter.  Zillow denies any remaining allegations.

3.      Admitted.

4.      Zillow admits it is registered as a foreign corporation in Ohio, but Zillow denies any remaining allegations.

5.      Zillow is without knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

6.      Admitted.

7.      Zillow denies that it conducts business under the trade name "Rental Manager." Zillow admits the remaining allegations in Paragraph 7.

1

8.     Zillow admits that it does business in, and has customers throughout the United States, including within Ohio and the Southern District of Ohio, using the term ZILLOW Rental Manager, among other services provided by Zillow.  Zillow admits it actively markets and promotes its ZILLOW Rental Manager services to customers and residents nationally, including to customers within this District.  Zillow denies all remaining allegations in Paragraph 8.

## GENERAL ALLEGATIONS

9.     Zillow is without knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

10.     Zillow is without knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

11.     Zillow denies that LCS has strong trademark rights in the RENT MANAGER mark.  Zillow is without knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

12.     Denied.

13.     Zillow admits it published material on its website to promote its products and services.  This material speaks for itself.  The ZILLOW Rental Manager tool helps users create real estate and classified listings, which are then distributed to several leading real estate classified sites.  The ZILLOW Rental Manager tool also allows users to manage applications and screen tenants, and process and track rent payments.  Zillow is without knowledge or information to form a belief as to the truth of the allegations regarding when LCS purportedly became aware of Zillow's promotional materials or what LCS became aware of, and therefore denies them.  Zillow denies any remaining allegations in Paragraph 13.

14.     Zillow denies having received the letter referenced in Paragraph 14 and attached to the Complaint as Exhibit K.  Zillow is without knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

2

15.　　Denied.

## **FIRST CLAIM FOR RELIEF**

## **Trademark Infringement**

16.　　Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

17.　　Zillow denies that the RENT MANAGER mark is strong and distinctive.

Paragraph 17 contains legal conclusions to which no response is required. Zillow is without

knowledge or information to form a belief as to the truth of the remaining allegations in this

paragraph, and therefore denies them.

18.　　Denied.

19.　　Denied.

20.　　Denied.

21.　　Denied.

22.　　Denied.

23.　　Denied.

24.　　Denied.

## **SECOND CLAIM FOR RELIEF**

## **For Unfair Competition- Federal**

25.　　Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

26.　　Denied.

27.　　Denied.

28.　　Denied.

29.　　Denied.

30.　　Denied.

## THIRD CLAIM FOR RELIEF

### For Unfair Competition- Common Law

31.     Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

32.     Zillow admits Plaintiff has not licensed Zillow to use LCS's trademark.  Zillow

denies all remaining allegations in Paragraph 32.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## FOURTH CLAIM FOR RELIEF

### For Unfair or Deceptive Business Practices

38.     Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## FIFTH CLAIM FOR RELIEF

### For Accounting

45.     Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

46.     Denied.

47.     Zillow denies that Plaintiff is entitled to an accounting.

## SIXTH CLAIM FOR RELIEF

### For Injunctive Relief

48.     Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

49.     Denied.

50.     Denied.

## SEVENTH CLAIM FOR RELIEF

### Constructive Trust

51.     Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

52.     Denied.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment

53.     Zillow incorporates by reference its responses set forth in the preceding

paragraphs.

54.     Denied.

55.     Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Zillow denies that Plaintiff is entitled to any relief in this action as requested in the

Prayer for Relief or otherwise.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Zillow requests a trial by

jury of any issues so triable by right.

## AFFIRMATIVE DEFENSES

Zillow asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiffs. Zillow reserves the right to amend its defenses as additional information becomes available.

### First Affirmative Defense

One or more claims asserted by Plaintiff fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

One or more of the claims asserted by Plaintiff are barred by the doctrine of laches, estoppel, acquiescence, and/or waiver.

### Third Affirmative Defense

Zillow's use of the term Rental Manager is not likely to cause mistake, confusion or deception.

### Fourth Affirmative Defense

One or more claims asserted by Plaintiff fail because the trademark registration is unenforceable as fraudulent, improper or invalid.

### Fifth Affirmative Defense

Zillow is using the term Rental Manager in its descriptive sense, as a generic indicator of its services, and is not using the term Rental Manager as a trademark or otherwise as a source identifier.

### Sixth Affirmative Defense

Zillow's use of the term Rental Manager constitutes fair use and/or nominative fair use.

**WHEREFORE,** Zillow respectfully requests that this Court rule or otherwise enter a

judgment:

(1)    Dismissing the claims against Zillow in the Complaint with prejudice;

(2)    Requiring Plaintiff to pay the costs of this action, and because Plaintiff's actions render this an exceptional case, reimburse Zillow for Zillow's reasonable attorneys' fees and expenses associated under 15 U.S.C. § 1117; and

(3)    Granting such other and further relief as this Court deems just and proper.


## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Zillow, Inc. ("Zillow"), brings the following counterclaims against Plaintiff and Counterclaim-Defendant London Computer Systems, Inc. ("LCS"):

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, to resolve an actual case or controversy between the parties as to the right of Zillow to use the term Rental Manager in connection with certain Zillow services.  This is also an action for cancellation of U.S. Trademark Registration No. 3,497,560 for the mark RENT MANAGER (the "RENT MANAGER Mark") pursuant to 15 U.S.C. §§ 1119 and 1064(3) on the ground that the mark is generic.

## PARTIES

2.    Zillow is a Washington corporation with its principal place of business in Seattle, Washington.  Zillow is the leading real estate and rental marketplace dedicated to empowering consumers with data, inspiration and knowledge around the place they call home, and connecting them with the best local professionals.

3.    On information and belief, LCS is an Ohio corporation with a place of business at 9140 Waterstone Blvd. Cincinnati, OH 45249.

## JURISDICTION AND VENUE

4.      This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.*, and for cancellation of U.S. Trademark Registration No. 3,497,560 under 15 U.S.C. §§ 1119 and 1064(3).  The Court has jurisdiction over the subject matter of this action under Section 309 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

## BACKGROUND

### Zillow and Its Business

5.      Zillow serves the full lifecycle of owning and living in a home including buying, selling, renting, financing, remodeling and more.  On Zillow's website, Zillow.com, users can find a database of more than 110 million U.S. homes, including homes for sale, homes for rent and homes not currently on the market, as well as Zestimate home values, Rent Zestimates and other home-related information.  Zillow also operates the most popular suite of mobile real estate apps, with more than two dozen apps across all major platforms.

6.      Zillow provides a wide range of these and other real-estate related services under the ZILLOW mark for which it holds registrations with the United States Patent and Trademark Office ("USPTO").

7.      Introduced in its current form on January 22, 2016, ZILLOW Rental Manager is part of Zillow's family of rent-related tools and mobile apps.  Zillow's ZILLOW Rental Manager helps users manage their rental properties by allowing users to create real estate and classified listings, which are then distributed to several leading real estate classified sites.  ZILLOW Rental Manager also allows its users to manage rental applications and screen tenants, and process and track rent payments.  Zillow markets ZILLOW Rental Manager to landlords and property managers of houses, condos and apartments in buildings with fewer than 50 units, and the tool is available for free.  Users access ZILLOW Rental Manager through the Zillow.com website or the ZILLOW Rental Manager mobile app.  On both platforms, Zillow's

practice is for the ZILLOW house mark and/or the blue Zillow house logo to appear immediately adjacent to the Rental Manager term.

## LCS and Its Business

8.      On information and belief, LCS develops business-critical software technologies, including the real estate property management software called Rent Manager. LCS's Rent Manager is "advanced, customizable, and scalable real estate property management software," designed to include all the features needed to run a rental property business.

## LCS's Purported RENT MANAGER Mark

9.      LCS owns a trademark registration for the RENT MANGER Mark for use in commerce with "computer software to assist landlords with their residential properties."

10.      The USPTO initially refused LCS's application to register RENT MANAGER on the basis that the mark was merely descriptive of LCS's goods and/or services.  The examiner noted that LCS's software performs certain management tasks, including tracking rental information, generating letters and notices, automated reminders, and completing customer histories, refusing the application because "the proposed mark merely describes a function of the applicant's goods and the registration must be refused under Trademark Act Section 2(e)(1)."

11.      LCS overcame this refusal by amending its application to include a sworn statement that its mark had become distinctive through LCS's exclusive and continuous use of the mark in commerce for at least 5 years.  LCS did not offer any additional evidence that the mark had acquired distinctiveness.

12.      The RENT MANAGER Mark is comprised of two common and descriptive words:  "rent" and "manager."  According to the Oxford dictionary, "rent" is defined as "a tenant's regular payment to a landlord for the use of property or land."  And "manager" is defined as "a program or system that controls or organizes a peripheral device or process."

13.     The primary significance of the term "rent manager" and similar terms to the relevant consuming public is the generic description of the act of managing rentals. For instance, Glassdoor.com, a website comparing different job positions in the market, lists several pages of job positions with the job title of "rental manager" which includes positions managing rentals for housing, condos, automobiles, equipment, and more.

14.     Likewise, it is clear from how other related businesses use "rent manager" or similar terms to describe their services, that "rent manager" and its related terms are generic for the services offered. For instance, Rentger, a property management software company, describes its real estate management software as a "Property Rent Manager."

15.     The RENT MANAGER Mark is used in commerce with the exact goods and services described by the mark: the management of property rentals. In fact, LCS touts its Rent Manager software as a "property management software, designed to manage every facet of your unique operation." This includes the management and collection of rent payments. On information and belief, the only property which the Rent Manager software helps to manage are rental properties. As a service aimed solely at managing rental properties, LCS's software acts as a rent manager and/or assists solely in rent management.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment, 28 U.S.C. §§ 2201-2202

16.     Zillow incorporates by reference the allegations contained in the foregoing paragraphs of this Counterclaim as if fully restated.

17.     LCS has alleged in this action that it owns protectable rights in the purported RENT MANAGER Mark.

18.     Zillow denies that it has infringed or in any way violated LCS's purported rights in the term Rent Manager.

19.     Further, the purported RENT MANAGER Mark is not protectable because it is generic for the goods offered by LCS under the "Rent Manager" designation.

20.     Zillow has been and will continue to be damaged by the persistent uncertainty created by LCS with respect to Zillow's legitimate use of the term Rental Manager, or similar terms, to describe its services.

21.     Accordingly, Zillow is entitled to a declaration by this Court that Zillow's use of the term Rental Manager does not infringe or otherwise violate LCS's purported rights in the RENT MANAGER Mark.

## SECOND CLAIM FOR RELIEF
### Cancellation of U.S. Trademark Registration No. 3,497,560

### The RENT MANAGER Mark is Generic

22.     Zillow incorporates by reference the allegations contained in the foregoing paragraphs of this Counterclaim as if fully restated.

23.     "Rent manager" is a description of a job position and/or service offered by person(s) and/or companies to manage rental properties. The RENT MANAGER Mark covers and is used with LCS's offering of services for the management of rental properties.

24.     For all the foregoing reasons, the RENT MANAGER Mark fails to function as a trademark or brand identifier given that "Rent Manager" is the generic description of services offered by LCS.

25.     U.S. Registration No. 3,497,560 must be cancelled pursuant to 15 U.S.C. § 1064.

## PRAYER FOR RELIEF

Wherefore, Zillow prays for the following relief:

A.     An order declaring that

1.     Zillow's use of the term Rental Manager does not infringe LCS's purported mark or violate any of LCS's purported rights; and

11

2.      The RENT MANAGER Mark is not a valid, protectable, or registrable trademark; and

B.      An order directing the USPTO to cancel U.S. Trademark Registration No. 3,497,560 in its entirety;

D.      A permanent injunction enjoining LCS, its officers, agents, distributors, and employees from interfering in any manner with Zillow's use of the term Rental Manager in connection with Zillow's offering of goods or services in the United States;

E.      An award to Zillow of its attorneys' fees and costs incurred in connection with this action; and

F.      Such other and further relief to which Zillow may be entitled.

Respectfully submitted,

By:  /s/ *Thomas F. Hankinson*
Thomas F. Hankinson
KEATING MUETHING & KLEMAP PLL
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
Email:  thankinson@kmklaw.com
Tel:  (513) 579-6400
Fax:  (513) 579-6457

William C. Rava (admitted pro hac vice)
PERKINS COIE LLP
1201 Third Avenue, Suite No. 4900
Seattle, Washington 98101-3099
Email:  wrava@perkinscoie.com
Tel:  (206) 359-8000
Fax:  (206) 359-9000

Jeremy L. Buxbaum (admitted pro hac vice)
PERKINS COIE LLP
131 South Dearborn Street, Suite No. 1700
Chicago, Illinois 60603-5559
Email:  jbuxbaum@perkinscoie.com
Tel:  (312) 324-8400
Fax:  (312) 324-9400

***ATTORNEYS FOR DEFENDANT ZILLOW, INC.***

**CERTIFICATE OF SERVICE**

I certify that on October 24, 2018, I electronically filed the foregoing document using the

Court's CM/ECF system. Electronic notification will be sent to all attorneys of record by operation of

the Court's electronic filing system.

                                        */s/ Thomas F. Hankinson*