# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LONDON COMPUTER SYSTEMS, INC. | : | Case No. 1:18-cv-696 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| ZILLOW, INC. | : | |
| Defendant. | : | |

## ORDER CONDITIONALLY GRANTING
## MOTIONS TO FILE UNDER SEAL (Docs. 21, 24)

This case is before the Court on the motions of both parties to file under seal (Docs. 21, 24).

## I. INTRODUCTION

On October 1, 2018, Plaintiff filed the Complaint in this lawsuit, asserting claims for trademark infringement and unfair competition against Defendant. (Doc. 1). Plaintiff also filed a motion for immediate injunctive relief. (Doc. 2). At this juncture, Plaintiff is required to file a renewed motion for preliminary injunction by November 13, 2018, and Defendant is required to file a response in opposition to Plaintiff's renewed motion by November 20, 2018.

On November 8, 2018, Plaintiff filed a motion for leave to file its renewed motion under seal, with a redacted version on the public docket. (Doc. 21). Plaintiff's motion to seal requests that Plaintiff be permitted to "file certain exhibits under seal, and file any depositions which contain confidential business and financial information, under seal, as this information should not be viewed by the public." (*Id.* at 1).

On November 12, 2018, Defendant filed a motion for leave to file its forthcoming response in opposition to Plaintiff's motion under seal (along with a publicly-filed redacted copy). (Doc. 24). Defendant's motion, like Plaintiff's motion, argues that a seal is appropriate because certain exhibits and deposition transcripts upon which Defendant's response will rely have been designated as "Confidential" and/or "Highly Confidential-AEO" pursuant to the protective order. (Doc. 24 at 1).

Neither Plaintiff's motion, nor Defendant's motion, identifies or explains which information the parties seek to file under seal.

## II. STANDARD OF REVIEW

A district court's discretion to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike as to information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Three times in the past two years the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings[]") (citation omitted); *see also In re Knoxville*

3

*News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Both parties' motions to file under seal fall well short of the standards required by the Sixth Circuit. Neither motion "analyzes in detail" any document the parties wish to file under seal, provides legal citations supporting the requested seal, or demonstrates that the requested seal is "narrowly tailored." The parties assert that certain materials can be filed under seal because they were designated as confidential in discovery, but the parties' agreement does not obviate the Court's duty to ensure that its records are open for public inspection. *See Rudd Equip.*, 834 F.3d at 595; *Shane Grp.*, 825 F.3d at 307. The parties have simply not offered compelling reasons sufficient to justify non-disclosure of their forthcoming filings.

Nevertheless, the Court understands the parties are on a briefing schedule to resolve Plaintiff's motion for preliminary injunctive relief. To that end, the Court will allow the parties to file their pleadings under seal on the condition that the seal will expire 30 days from filing unless (1) one party, or both of the parties, successfully move(s) to seal the filing under the proper standard set forth by the Sixth Circuit Court of Appeals, or (2) one party, or both of the parties, move(s) to extend the conditional period on the basis that a motion to seal is pending before the Court.

The Court finds this to be a sound approach which balances the public's interest in access to court records with the parties' interest in complying with the Court's briefing schedule. The public interest will not be harmed by documents having been sealed for a brief time while the Court considers the issue upon proper briefing.

## IV.   CONCLUSION

For these reasons, Plaintiff's motion to file under seal (Doc. 21) and Defendant's motion to file under seal (Doc. 24) are **CONDITIONALLY GRANTED**. Accordingly, Plaintiff may file its renewed motion for preliminary injunction under seal, and Defendant may file its response in opposition under seal, however, each filing's seal will expire 30 days from filing unless (1) the parties successfully move to seal the filings (or portions of the filings) under the standards set forth by the Sixth Circuit Court of Appeals, or (2) the parties move to extend the conditional period on the basis that a motion to seal is pending before the Court.

**IT IS SO ORDERED.**

Date: 11/13/18 /s/ *Timothy S. Black*
Timothy S. Black
United States District Judge