# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LONDON COMPUTER SYSTEMS, INC., | : | Case No. 1:18-cv-696 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ZILLOW, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING THE PARTIES'
## UNOPPOSED MOTIONS TO SEAL (Docs. 48, 51)

This civil action is before the Court on the parties' unopposed motions to seal. (Docs. 48, 51).

## I.  BACKGROUND

Plaintiff is an Ohio corporation, headquartered in Cincinnati.  (Doc. 1 at ¶ 5). Defendant is a Washington corporation, headquartered in Seattle.  (*Id.* at ¶ 6).  Both parties offer property-management products: Plaintiff's is called "Rent Manager"; Defendant's is called "Zillow Rental Manager."  (*Id.* at ¶¶ 10, 12; Doc. 27-1 at 14).

On October 1, 2018, Plaintiff filed suit against Defendant for, *inter alia*, trademark infringement, deceptive trade practices, and unfair competition.  (Doc. 1 at ¶¶ 16–55). Thereafter, Plaintiff filed a motion for a preliminary injunction (the "Preliminary Injunction").[1]  (Doc. 27).

---

[1] To be precise, Plaintiff filed a motion for a preliminary injunction on October 1, 2018 (Doc. 2), and a renewed motion for a preliminary injunction on November 14, 2018 (Doc. 27).

On November 14, 2018, the Court granted the parties leave to file their Preliminary Injunction memoranda (and related declarations, exhibits, etc.) under conditional seal. (Doc. 26 at 5). However, the Court directed the parties to submit motions to seal within 30 days. (*Id.*)

The Court held as follows:

> [T]he Court will allow the parties to file their pleadings under seal on the condition that the seal will expire 30 days from filing unless (1) one party, or both of the parties, successfully move(s) to seal the filing under the proper standard set forth by the Sixth Circuit Court of Appeals, or (2) one party, or both of the parties, move(s) to extend the conditional period on the basis that a motion to seal is pending before the Court.

(*Id.*)[2]

Pursuant to the Court's direction, the parties filed numerous documents under conditional seal. (*See* Docs. 27–32, 35–39, 42–43, 45–46 (including numerous attachments)). Thereafter, the parties filed motions to seal. (Docs. 48, 51). The parties' motions to seal are now ripe for adjudication.

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

---

[2] In so holding, the Court resolved the parties' original motions to seal. (Docs. 20–21, 24). Despite this fact, document 20 remains pending. That motion shall be terminated as moot.

2

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v.*

3

> *Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

#### A. Plaintiff's Motion to Seal

Plaintiff argues that the following documents (the "Pl. Docs.") contain highly confidential business information, which should remain under seal:

4

- Memorandum in Support of Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 27-1);

- Deposition of David Hegemann and Exhibits 7–14 and 17 attached thereto (Docs. 28, 28-5);

- Deposition of Rebecca Reczek and Exhibits 2–3 attached thereto (Docs. 29, 29-2, 29-6);

- Exhibit 1 to Deposition of Christopher Roberts (Doc. 30-1);

- Exhibit B to Defendant's Motion to Exclude Expert Report of Rebecca Reczek and Memorandum in Support (Doc. 35); and

- Exhibits 13–15 to Declaration of Jeremy Buxbaum (Doc. 38).

(*See* Doc. 48 at 2–7; *see also* Docs. 49–49-9). More specifically, Plaintiff argues that the Pl. Docs. contain: (1) Plaintiff's revenue/sales data; (2) Plaintiff's customer information; (3) Plaintiff's marketing strategies; and (4) Plaintiff's dispute-settlement documents. (Doc. 48 at 2–9; *see also* Doc. 48 at 9 (asserting that the Pl. Docs. contain "Plaintiff's confidential and commercially sensitive business and financial information")).

Importantly, Plaintiff does not seek to shield the Pl. Docs. from the public eye—entirely. (Doc. 48 at 1–2, 11). Instead, Plaintiff seeks to file redacted versions of the Pl. Docs. on the public record. (*Id.* at 1–2, 11).

Indeed, Plaintiff has submitted annotated versions of the Pl. Docs., which identify, on a document-by-document basis, the confidential information that Plaintiff seeks to protect, and the limited redactions that Plaintiff seeks to employ. (Docs. 49–49-9; *see also* Doc. 48 at 11 (noting that "Plaintiff has proposed limited redactions" that are narrowly tailored to protect its highly confidential business information)).

5

**B. Defendant's Motion to Seal**

Defendant argues that the following documents (the "Def. Docs.") contain highly confidential business information, which should remain under seal:

- Memorandum in Support of Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 27-1);

- Deposition of Christopher Roberts and Exhibits 2-12, 15-19, 21, 26, and 27 attached thereto (Docs. 30, 30-4, 30-5, 30-6);

- Exhibit 3 to Declaration of Russell Sayre (Doc. 32);

- Memorandum in Opposition to Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 37);

- Exhibit 16 to Declaration of Jeremy Buxbaum (Doc. 38);

- Declaration of Christopher Roberts and Exhibits 1 and 4 attached thereto (Doc. 39);

- Reply in Support of Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 42);

- Exhibits 2, 8, 10, and 11 to Second Declaration of Russell Sayre (Docs. 43-2, 43-8, 43-10, 43-11);

- Sur-Reply in Opposition to Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 45); and

- Exhibit 1 to Declaration of Krista Place (Doc. 46-1).

(Doc. 51 at 2–3; *see also* Docs. 53–53-12). More specifically, Defendant argues that the Def. Docs. contain: (1) Defendant's future business plans; (2) Defendant's financial information; (3) Defendant's business strategies; and (4) Defendant's internal reports/communications about its products. (Doc. 51 at 4, 10–18; *see also* Doc. 51 at 2 (stating that the Def. Docs. contain "trade secrets and business strategy materials")).

6

Like Plaintiff, Defendant does not seek to shield the Def. Docs. from the public eye—entirely. (Doc. 51 at 1, 9, 18). Instead, Defendant seeks to file redacted versions of (most of) the Def. Docs. on the public record.[3] (*Id.* at 1, 9, 18).

Also like Plaintiff, Defendant has submitted annotated versions of the Def. Docs., which identify, on a document-by-document basis, the confidential information that Defendant seeks to protect, and the limited redactions that Defendant seeks to employ. (Docs. 53–53-12; *see also* Doc. 51 at 9 (noting that Defendant "has narrowly tailored its request to only documents/materials that" contain Defendant's highly confidential business information)).

**C. The Court's Findings/Conclusions**

After a careful review, the Court concludes that the motions to seal should be granted.[4] (Docs. 48, 51).

First, there is a compelling reason for non-disclosure. The Pl./Def. Docs. contain highly confidential business information, such as marketing strategies, revenue/sales data, and financial calculations. (Doc. 48 at 2–9; Doc. 51 at 4, 10–18). This Court has repeatedly held that companies have a compelling interest in protecting such information from their competitors—especially where, as here, disclosure would cause a competitive disadvantage. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871,

---

[3] Defendant seeks to completely seal, as opposed to partially redact, a small subset of the Def. Docs. identified. (*See* Doc. 53 at ¶¶ 3, 5, 8, 13; *see also* Doc. 51 at 9).

[4] The Court incorporates the parties' detailed analysis of the Pl./Def. Docs. herein by reference. (*See* Docs. 48, 51). The Court's findings/conclusions supplement that detailed analysis.

7

2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("This Court has previously recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting a motion to seal "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy").

 Second, there will be no harm to the public interest. The parties filed the Pl./Def. Docs. in support of/opposition to the Preliminary Injunction.[5] (Doc. 27). On the Court's review, the public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion. *See Shane Grp.*, 825 F.3d at 305. Indeed, by Defendant's own admission, a number of the documents filed under conditional seal were not even relied on in the parties' Preliminary Injunction memoranda. (*See* Doc. 51 at 14).

 Finally, the seal is narrowly tailored. The parties do not seek to seal the contents of the Pl./Def. Docs. completely. The parties have agreed to file redacted versions of the Pl./Def. Docs. on CM/ECF, such that the public can view their non-confidential portions in their entirety. Thus, the seal is no broader than necessary to address the compelling reason for non-disclosure. *See Proctor & Gamble*, 2017 WL 3537195, at *3 (allowing a party to redact "confidential agreements, pricing strategy, and marketing strategy").

---

[5] More precisely, the parties filed the Pl./Def. Docs. in support of/opposition to the Preliminary Injunction (Doc. 27) and the related motion to exclude (Doc. 34).

8

## IV. CONCLUSION

Based upon the foregoing, the parties' unopposed motions to seal (Docs. 48, 51) are **GRANTED**.

1. The Pl./Def. Docs. shall remain **SEALED**.

2. Documents 49, 53, and the exhibits attached thereto—which contain the annotated versions of the Pl./Def. Docs.—shall also remain **SEALED**.

3. Within 14 days of the date of this Order, Plaintiff shall file public versions of the following documents on CM/ECF, redacted in accordance with the annotated versions of the Pl./Def. Docs. (Docs. 49–49-9, 53–53-12):

   a. Memorandum in Support of Plaintiff's Renewed Motion for Preliminary Injunction (Docs. 27–27-1);

   b. Deposition of David Hegemann and the exhibits attached thereto (Docs. 28–28-5);

   c. Deposition of Rebecca Reczek and the exhibits attached thereto (Docs. 29–29-6);

   d. Deposition of Christopher Roberts and the exhibits attached thereto (Docs. 30–30-6);

   e. Deposition of Jeffrey Stec and the exhibits attached thereto (Docs. 31–31-2);[6]

   f. Declaration of Russell Sayre and the exhibits attached thereto (Doc. 32);

   g. Reply in Support of Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 42); and

   h. Second Declaration of Russell Sayre and the exhibits attached thereto (Docs. 43–43-11).

---

[6] Neither the Deposition of Jeffrey Stec nor the exhibits attached thereto appear in the parties' motions to seal. (Docs. 48, 51). As a result, Plaintiff shall simply file them sans redaction.

9

4. Within 14 days of the date of this Order, Defendant shall file public versions of the following documents on CM/ECF, redacted in accordance with the annotated versions of the Pl./Def. Docs. (Docs. 49–49-9, 53–53-12):

   a. Exhibit B to Defendant's Motion to Exclude Expert Report of Rebecca Reczek and Memorandum in Support (Doc. 35);[7]

   b. Memorandum in Opposition to Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 37);

   c. Declaration of Jeremy Buxbaum and the exhibits attached thereto (Doc. 38);

   d. Declaration of Christopher Roberts and the exhibits attached thereto (Doc. 39);

   e. Sur-Reply in Opposition to Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 45); and

   f. Declaration of Krista Place and the exhibits attached thereto (Doc. 46–46-1).

5. The parties shall meet and confer, prior to filing the documents identified in ¶¶ 3–4, *supra*, to ensure that all the documents filed contain all the redactions proposed by both the parties.[8]

6. Plaintiff's original Motion for Leave to File Redacted Motion and Confidential Exhibits Under Seal (Doc. 20) shall be **TERMINATED** as moot.

   **IT IS SO ORDERED.**

Date:  8/29/2019

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[7] Documents 35 and 36 are duplicates. (Docs. 35–36). By filing a redacted version of document 35, Defendant will fulfill its obligation to file a redacted version of document 36.

[8] To avoid any confusion, the parties shall file completely redacted versions of those documents that Defendant seeks to completely seal. (*See* Doc. 53 at ¶¶ 3, 5, 8, 13; *see also* Doc. 51 at 9).