**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| LONDON COMPUTER SYSTEMS, INC., | : | Case No. 1:18-cv-696 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| vs. | : | |
| ZILLOW, INC., | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S
UNOPPOSED SUPPLEMENTAL MOTION
FOR LEAVE TO FILE UNDER SEAL (Doc. 66)**

This civil action is before the Court on Defendant's Unopposed Supplemental Motion to File Under Seal (the "Motion to Seal" or the "Motion"). (Doc. 66).

## I.  BACKGROUND

Plaintiff London Computer Systems, Inc. ("Plaintiff") has filed suit against Defendant Zillow, Inc. ("Defendant") for, *inter alia*, trademark infringement, deceptive trade practices, and unfair competition. (Doc. 1 at ¶¶ 16–55). Plaintiff is an Ohio corporation headquartered in Cincinnati. (*Id.* at ¶ 5). Defendant is a Washington corporation headquartered in Seattle. (*Id.* at ¶ 6). Both parties offer property-management products: Plaintiff's is called Rent Manager; Defendant's is called Zillow Rental Manager. (*Id.* at ¶¶ 10, 12; Doc. 27-1 at 14).

On September 12, 2019, Defendant filed the instant Motion to Seal. (Doc. 66). In it, Defendants asks the Court to maintain under permanent seal four documents that have

already been filed under conditional seal: Exhibit 2 to the Second Sayre Decl. (Doc. 43-2); Exhibit 8 to the Second Sayre Decl. (Doc. 43-8); Exhibit 10 to the Second Sayre Decl. (Doc. 43-10); and Exhibit 11 to the Second Sayre Decl. (Doc. 43-11) (collectively the "Exhibits"). (Doc. 66 at 1). Defendant asserts that sealing is appropriate because each of the Exhibits contains confidential business information. (*Id.* at 3).

In a previous motion, Defendant mistakenly asked the Court to maintain only certain "portions" of the Exhibits under permanent seal. (*See* Doc. 53 at 3; *see generally* Docs. 51, 53-10, 66). In the instant Motion, Defendant clarifies that it actually seeks to seal the Exhibits in their "entirety." (Doc. 66 at 2).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id*. However, "very different considerations apply" when

2

these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834

3


F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public").  Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case.  *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176).  A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal.  *Id.*

### III.  ANALYSIS

In the instant Motion, Defendant argues that the Court should maintain the Exhibits under seal—in their "entirety." (Doc. 66 at 2).

On review, the Exhibits contain emails, between various of Defendants' employees, discussing Defendant's highly sensitive business strategies.  (*See generally* Docs. 43-2, 43-8, 43-10, 43-11).  More specifically, Exhibit 2 contains an email correspondence regarding Defendant's private business negotiations with Plaintiff.  (Doc. 43-2).  Exhibit 8 contains an email correspondence regarding Defendant's potential business partnerships.  (Doc. 43-8).  Exhibit 10 contains an email correspondence regarding the specifics of Defendant's brand positioning.  (Doc. 43-10).  And Exhibit 11

contains an email correspondence regarding content changes to certain of Defendant's product offerings. (Doc. 43-11).

The Court concludes that, upon careful consideration, Defendant's Motion to Seal is well-taken. (*See* Doc. 66).

As an initial matter, there is a compelling reason for sealing the Exhibits. This Court has repeatedly held that companies have a compelling interest in protecting their business strategies from competitors. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017). The highly sensitive business strategies contained in the Exhibits constitute just the type of confidential information subject to protection under this precedent.

Additionally, the public has little interest in the information contained in the Exhibits. The Exhibits were filed in connection with a pending motion for a preliminary injunction. (*See* Docs. 27, 58). On the Court's review, the public will not need to view Defendant's highly confidential business information in order to understand the arguments for and against that motion. As such, the public's interest in the Exhibits' disclosure is limited.

Finally, the seal proposed is no broader than necessary to protect Defendant's confidential information. The Court is, of course, hesitant to seal the Exhibits in their entirety. After all, the Court has an independent obligation to ensure that any seal authorized is narrowly tailored. Nevertheless, on careful review, the Court concludes that the confidential information in the Exhibits is too pervasive to permit the use of other, narrower, means of protecting sensitive information (*e.g.*, partial redaction).

## IV. CONCLUSION

Based upon the foregoing, Defendant's Motion to Seal (Doc. 66) is **GRANTED**. Accordingly, the Court will maintain the Exhibits under seal—in their entirety. (Docs. 43-2, 43-8, 43-10, 43-11). Within 14 days of the date of this Order, Plaintiff **SHALL** file *completely* redacted versions of the Exhibits on the public record. To the extent the Court previously required Plaintiff to file *partially* redacted versions of the Exhibits on the public record, that requirement is hereby **VACATED**. (*See* Doc. 56 at 9).

*I***IT IS SO ORDERED.**

Date: 7/31/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge